IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TISIEM WILLIAMS, | : |
|     Plaintiff | : |
|      v. | : Case No. 3:21-cv-75-KAP |
| OFFICER FLEEGLE, | : |
|     Defendant | : |

<u>Memorandum Order</u>

The motion to stay the motion for summary judgment, ECF no. 48, is granted in part, and the parties and counsel shall undertake further actions on or before November 30, 2023 as explained below.

This case began with a complaint filed in April 2021 against defendant Fleegle that also named "SCI-Somerset," "Officer Mr. Hay," "Officer Lt. Whitacre," and "Officer Mr. Mishler" as defendants, alleging the use of excessive force against Williams on January 31, 2020. Williams alleged that he was "maced" in his cell by an unidentified officer (Williams alleged only that Fleegle, Hay, a "LT" and "a psych" were there) and then Fleegle twisted his right hand after he "cuffed up." Pursuant to the Prison Litigation Reform Act I screened the complaint and told Williams that he could amend his complaint but as it stood it stated a claim only against Fleegle. Williams elected not to amend his complaint, so it was docketed at ECF no. 9 and served on Fleegle. Both parties consented to my jurisdiction and the matter has proceeded to the summary judgment motion stage.

Meanwhile, after my screening and service order, a panel of the Court of Appeals decided <u>Burton v. Schamp</u>, 25 F.4th 198 (3d Cir. 2022), holding that in cases where only the plaintiff but not the defendants had consented to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C), the Magistrate Judge screening a complaint under the PLRA does not have jurisdiction to enter final judgment in the matter in favor of a defendant. In other words, the Magistrate Judge can either write a Report and Recommendation to a District Judge who has the power to enter final judgment regardless of consent, or forward the matter for service on the defendants and see if the defendants consent to the Magistrate Judge dismissing them.

Because of applications of <u>Burton v. Schamp</u> in 2023 the possibility exists that years after the dispute between Williams and Fleegle is resolved any party unhappy with the outcome could ask the Court of Appeals to vacate any judgment in this matter because of the lack of consent by Hay, Whitacre, and Mishler (SCI-Somerset is a group of buildings, not a legal person) to being out of this case, notwithstanding Williams' lack of amendment to his complaint.

1

Accordingly, if counsel for Fleegle would also represent the defendants Hay, Whitacre, and Mishler and would accept service on behalf of those defendants, counsel for Fleegle shall file the standard consent form. Depending on the election I will then either dispose of the summary judgment motion by order or by recommendation to a district judge.

In the meantime, the motion to stay the motion for summary judgment, ECF no. 48, is granted in part. Fed.R.Civ.P. 56(d) allows a party opposing summary judgment to show why it cannot present facts essential to its opposition. Williams asserts two relevant things in his motion: 1) that there are additional video records of the incident from a fixed-point surveillance camera, and 2) that he was not given enough time to obtain affidavits from two unnamed inmates who allegedly witnessed the incident. His assertion that defendant also did not comply with Rule 26(a)(1(A) fails to take into account Rule 26(a)(1)(B).

Williams shall explain on or before November 30, 2023, why he could not or did not seek the witness affidavits during the discovery period. If additional video evidence exists of the incident described in the complaint, counsel for Fleegle shall produce that as well. If it does not exist, counsel shall so certify.

Additionally, Rule 56(f)(2)-(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) give a court the power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence. *And see* Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 224 (3d Cir.2004)(affirming *sua sponte* grant of summary judgment without notice on the grounds that notice may not be necessary in the presence of a fully developed record, or when the decision is based on a purely legal issue); Couden v. Duffy, 446 F.3d 483, 500 (3d Cir.2006)(affirming *sua sponte* grant of summary judgment to nonmoving parties). From the record of the apparent end of the administrative remedy process attached to the Complaint there appears to be a substantial question whether before the complaint was filed the administrative remedy process was properly completed. Defendant Fleegle may elect to waive that defense, but it was raised in the Answer and there is no point to waiting until trial to address it, since there is already a motion for summary judgment pending and procedural default is an issue susceptible to pretrial disposition. The parties are directed to brief whether summary judgment is appropriate on that issue on or before November 30, 2023.

DATE:  October 11, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

    Tiseim Williams MS-7078
    S.C.I. Mahanoy
    301 Morea Road
    Frackville, PA 17932