IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TISIEM WILLIAMS, : | |
|     Plaintiff : | |
|   v. : | Case No. 3:21-cv-75-KAP |
| OFFICER FLEEGLE, : | |
|     Defendant : | |

<u>Memorandum Order</u>

    The motion for summary judgment at ECF no. 42 is granted. The motion to stay the motion for summary judgment, ECF no. 55, is denied. Summary judgment is granted to the remaining defendant for the reasons explained below.

    On April 23, 2021, Williams filed a complaint (dated April 16, 2021) that - depending on whether one looked at the caption or the list of defendants in the complaint itself - named either four or five defendants: "SCI - Somerset" (a collection of buildings mentioned in the caption but not subsequently named in the complaint, and hereafter disregarded), Officer Mr. Fleegle," "Officer Mr. Hay," "Officer Lt. Whitacre," and "Officer Mr. Mishler." It alleged the use of excessive force against Williams on January 31, 2020. Williams alleged that he was verbally abused by corrections officer Hay and subsequently laughed at by corrections officer Fleegle. When Williams later covered the window in his cell (allegedly to use the toilet but under circumstances that as Williams relates them would give cause to suspect Williams might be intending self-harm), Fleegle, Hay, a "LT" and "a psych" told him to uncover. One or more of the persons allegedly then sprayed Williams with what Williams called "mace" and then extracted him from the cell, cuffing him in the process. Allegedly Fleegle then "twisted" Williams' right hand. Williams alleged that being sprayed by mace caused him to "sometimes looses vision out my left eye," and that he suffered unspecified "injury" to his hand, and (without detail or connection to the named defendants) that he "didn't receive proper care."

    After screening the complaint pursuant to the Prison Litigation Reform Act, I advised Williams that he could amend his complaint but as it stood it stated a claim only against Fleegle. Williams did not reply at all (not even to notify the Clerk of a change of address) for months past the deadline, which I deemed an election not to amend his complaint. The complaint was docketed at ECF no. 9 and served on Fleegle. I issued a discovery schedule in June 2022, and after extension of time defendant Fleegle filed a motion for summary judgment at ECF no. 42, supported by a video recording of the incident. The motion for summary judgment, in addition to stating that what had been sprayed was oleoresin capsicum (not mace) primarily argued that the video recording was conclusive that Fleegle himself neither sprayed Williams (according to Fleegle, Hay did)

nor touched Williams' right hand (according to Fleegle, Williams' hand injury result from Williams punching a wall with his right hand). In any case, Fleegle argued, the use of force to extract an inmate presenting a risk of self-injury was justified, or at least entitled Fleegle to qualified immunity.

Williams had already filed a pretrial statement at ECF no. 38 (naming only himself as a witness and offering no evidence other than his *ipse dixit* in support of a claim of injury to the vision in his left eye or to his right hand), but he responded to the motion for summary judgment with a Motion to Stay at ECF no. 48, alleging he had not been able to obtain affidavits from two other inmates who would be witnesses, and that there was additional video not submitted by the defendant. The motion to stay was accompanied by documents at ECF no. 49 and ECF no. 50 that contained Williams' opposition the motion for summary judgment. Part of that opposition was Williams' interpretation of the video exhibit submitted by Fleegle.

I granted the motion to stay in part, directing Williams to explain by November 30, 2023, why he could not have sought the witness affidavits during the discovery period, and directing counsel for Fleegle to produce any other video records or to certify that none existed. Counsel for Fleegle complied. Williams did not.

I also noted that Rule 56(f)(2)-(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) allow summary judgment *sua sponte* so long as the parties are notified that they must come forward with all relevant evidence and that the exhibits to the complaint indicated there was a substantial question whether Williams exhausted his administrative remedies before filing the complaint. I ordered the parties to brief whether summary judgment is appropriate on that issue on or before November 30, 2023. Fleegle, through counsel, complied. Williams did not.

What Williams sent at ECF no. 55 (docketed as another Motion to Stay) was page 4, slightly edited, of what he had already submitted at ECF no. 49, plus the last order in the grievance process, in which Chief Grievance Officer Varner dismissed Williams' grievance for procedural default on April 9, 2021. Williams has submitted nothing responsive to the failure to exhaust defense. I can and do dispose of the matter without need to interpret or even to view the video record.

It is settled law, and there is no special exception for *pro se* litigants, *see* Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that with two exceptions not relevant here *pro se* litigants "must abide by the same rules that apply to all other litigants"), that an issue is waived unless a party raises it in its opening brief. Further, a passing reference to an issue does not suffice to bring that issue before the court. *See e.g.* Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994); Brown v. Wayne County, No. 22-1506, 2023 WL 3376547, at *1 (3d

Cir. May 11, 2023), *cert. dismissed sub nom.* Brown v Pennsylvania, No. 23-5092, 2023 WL 6379041 (U.S. Oct. 2, 2023). Williams' failure to oppose in any meaningful way the motion for summary judgment justifies the entry of judgment against him.

Even if Williams' lack of response did not constitute default, Williams has failed to provide anything either in ECF no. 55 or previously in the record that would preclude summary judgment for the defendant on the grounds of Williams' lack of exhaustion of administrative remedies. Fleegle has not only discharged the initial burden of pointing the district court to the basis in the record for its argument that there is no genuine issue of material fact, *see* Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986), Fleegle has gone on to support the motion for summary judgment with evidence that would entitle him to a verdict if he had the burden of proof at trial. *See* In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (burden of production when moving party bears the burden of proof). Under Fed.R.Civ.P. 56, Williams is obliged to show a genuine factual dispute about his exhaustion of administrative remedies nevertheless exists. Williams has not.

The Pennsylvania Department of Corrections' administrative remedy process is set forth in DC-ADM 804; 37 Pa.Code§ 93.9. It creates a three-step grievance and appeal process that begins with an Inmate Grievance filed at the prison on the appropriate DOC form. The grievance is received by the prison's Grievance Coordinator and assigned a number. The institutional grievance coordinator, who may investigate the matter by referring it to an appropriate subordinate, provides an Initial Review Response. A dissatisfied inmate can appeal to the superintendent or other Facility Manager. The third and final level or appeal by a dissatisfied inmate is to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). The Chief Grievance Officer, after review of the inmate's appeal can affirm, reverse, or remand the Facility Manager's decision, and can also dismiss an appeal as untimely or for other procedural default.

The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a mandatory precondition to suit. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement implies "proper" exhaustion, Woodford v. Ngo, 548 U.S. 81, 91 (2006), together with the corollary proposition that lack of proper exhaustion constitutes procedural default. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); *see also* Jones v. Bock, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.")

The filing of a procedurally defective administrative grievance or appeal, where it causes the dismissal of the grievance or appeal, does not satisfy the PLRA's exhaustion

requirement. *See* Wright v. Sauers, 729 Fed.Appx. 225, 227 (3d Cir.2018). Substantial compliance with or good faith use of the grievance process is not enough. *See* Mack v. Klopotoski, 540 Fed. Appx. 108, 112 (3d Cir.2013) (use of handwritten copies instead of photocopies); Harris v. Armstrong, 149 Fed.Appx. 58, 59 (3d Cir.2005) (issue raised in third party correspondence but not grievance).

There are circumstances that make an administrative remedy "unavailable," *see* Ross v. Blake, 578 U.S. 632, 643-44 (2016), but as the Supreme Court established in Ross v. Blake and the Court of Appeals had previously established in this circuit, they are limited to those cases where the inmate is prevented by obstruction or intimidation from filing a grievance (what can be called extrinsic unavailability) or cases where the administrative remedy program is either opaque or a meaningless dead end (what can be called intrinsic unavailability). Williams clearly had access to and navigated DC-ADM 804, though improperly, and Williams never alleged that his use of DC-ADM 804 was obstructed.

Judgment shall be entered for defendant Fleegle (the failure to exhaust would bar suit against the defendants other than Fleegle, if Williams had ever stated a claim against them) and the Clerk shall mark this matter closed.

DATE:  December 4, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

    Tiseim Williams MS-7078
    S.C.I. Mahanoy
    301 Morea Road
    Frackville, PA 17932